10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter Paul MARTINEZ, Plaintiff-Appellant,
v.
Barney IUPPA, Frank Simons, Dan May, Defendants-Appellees.
 No. 93-1214.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 19, 1993.
 
 ORDER AND JUDGMENT[1]
 Before McKAY, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Peter Paul Martinez, an inmate in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility, appearing pro se, appeals from an order of the district court dismissing his consolidated civil rights complaints.
 
 
 3
 Martinez initiated this action by filing two pro se civil rights complaints pursuant to 42 U.S.C.1983 against Barry Iuppa and Frank Simons, defense counsel in his three underlying state criminal cases, Daniel May, the district attorney responsible for prosecuting Martinez, and certain law enforcement officers.
 
 
 4
 In Civil Action No. 92-Z-2151, Martinez sued Iuppa and Simons "because he disagree[d] with their representation of him at his state criminal trials." (R., Vol. I, Tab 5 at 4). He sued May "apparently because Mr. May enlisted him ... to act as an informant for federal and state drug enforcement officials ... [and] because Mr. May was prosecuting attorney in all three of [his] ... El Paso County criminal cases." Id.
 
 
 5
 In Civil Action No. 92-Z-2184, Martinez sued Jay Erickson, a member of the federal Drug Enforcement Agency, Pat Crouch, a narcotics agent with the Colorado Springs Police Department, and May, alleging that they placed his life in danger when they engaged him as an informant. Martinez did not allege that "Erickson, Crouch or May participated in injuring him in any way, or that they arranged for his injuries; he merely alleges that ... [they] were not present when he was injured." (R., Vol. I, Tab 5 at 6).
 
 
 6
 Martinez also sued the arresting officers involved in his three-state criminal actions "because they allegedly maliciously prosecuted him ... [and] allegedly harrassed him through nightly 'spotlight searches' of his home ... [and] tailgated him when he was driving his car." Id. Pursuant to D.C.COLO LR 72.4, Martinez' complaints were referred to a magistrate judge.
 
 
 7
 In 92-Z-2151, the magistrate judge found that: May was not liable under 1983 because district attorneys are entitled to absolute immunity for lawsuits arising from the performance of their duties, such as initiating and pursuing criminal prosecutions; Iuppa and Simons are not liable under 1983 since lawyers do not act under color of state law solely by engaging in private litigation on behalf of their clients.
 
 
 8
 In 92-Z-2184, the magistrate judge found that: Martinez had alleged violations of state law only; Martinez had failed to allege facts supporting the claimed violations of his rights under the federal constitution or federal law and had merely alleged that his constitutional rights had been violated; case 92-Z-2184, having been filed more than three years after Martinez' alleged injury, was time barred.
 
 
 9
 The magistrate judge recommended that the two cases be consolidated and that the claims against the defendants be dismissed. Martinez subsequently filed written objections in Case No. 92--Z-2151 to the magistrate judge's recommendations. Martinez argued, inter alia, that Case No. 92-Z-2151 should not be consolidated with Case No. 92-Z-2184; it was improper for the magistrate judge to provide the defendants with copies of his complaint and the magistrate judge's recommendations when "[t]he defendants have not yet been served with the summons and complaint in this matter," (R. Vol. I, Tab 14 at 2); May was not immune from suit under 1983; and Iuppa and Simmons were not immune from suit under 1983.
 
 
 10
 Following a de novo review of Martinez's objections to the magistrate judge's recommendations, the district court dismissed Case No. 92-Z-2151. In so doing the court found that "[s]ince there are no remaining issues, the Court declines to consolidate this case with Martinez v. Erickson [92-Z-2184]." (R. Vol. I., Tab 15 at 1).
 
 
 11
 On appeal, Martinez contends that: Iuppa and Simmons violated his constitutional rights by intentional misconduct, ineffective assistance of counsel, and by conspiring with May to convict and imprison him; the district court applied an incorrect immunity standard in dismissing his complaint; and the district court committed reversible error by not serving appellees with copies of his complaint and ordering their response.
 
 
 12
 We agree with the district court's findings that: Martinez's allegations against May all involve actions taken pursuant to his duties as a prosecutor for which he is absolutely immune from a civil suit; and Martinez failed to present any facts supportive of his allegations that Iuppa and Simmons conspired with May to convict him.
 
 
 13
 We affirm the district court's order of dismissal for substantially the same reasons set forth in the magistrate judge's Recommendation, dated February 12, 1993, and the district court's Order of Dismissal, dated May 27, 1993.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3